# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN RIGLIAN,<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA and VALLEY NATIONAL BANK LONG TERM DISABILITY PLAN,<br><br>Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff Robin Riglian brings this action, seeking declaratory relief to recover long-term disability ("LTD") benefits and waiver of premium payments for life insurance under an ERISA employee benefit plan, and to recover costs, interest and attorneys' fees.

## JURISDICTION AND VENUE

1.   This action is brought pursuant to Section 502(a), (e)(1) and (f) of Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).  Pursuant to §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or citizenship of the parties.

2.   Venue is properly laid in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), since the subject employee benefit plan is administered in this district, the breaches of duty alleged occurred in this district, one or more of the defendants resides or is found in this district, and under 28 U.S.C. §1391(b), the causes of action arose in this district.

## PARTIES

3. Plaintiff Robin Riglian is a 63-year-old female who resides in New Castle, Pennsylvania; when she obtained coverage under the Plan, she was a resident of New Jersey.

4. Defendant Valley National Bank Long Term Disability Plan (the "Plan") is a benefit plan within the meaning of ERISA, with its principal place of business at 1455 Valley Road, Wayne, NJ 07470, which appointed Defendant Life Insurance Company of America d/b/a Cigna Group Insurance as the named fiduciary for deciding claims for benefits under the Plan, and for deciding any appeals of denied claims.

5. Defendant Life Insurance Company of North America d/b/a Cigna Group Insurance ("LINA") accepted the above delegation of decisional control over the claims process and fiduciary duties and acted as Plan Administrator and insurer of the Plan. LINA conducts its business, including issuing the denial letter in this case, from Pittsburgh, Pennsylvania.

## SUMMARY OF ACTION

6. Robin Riglian was employed by Valley National Bank as an Executive in the mortgage industry from 2009 until 2012, when she was no longer able to continue working due to multiple back surgeries and chronic pain from degenerative disc disease and bulging discs, and other health problems.

7. As a covered Employee, Ms. Riglian was eligible to apply for waiver of premium for Life Insurance under FLX-960771 and group LTD benefits under LINA Policy No. LK0960671, which provides 60% of pre-disability earnings if to employees, like Riglian, unable to perform the material duties of their "regular occupation" or earn 80% or more of their Indexed Earnings from working in their "regular occupation."

8. After 24 months, an Employee is considered "disabled" under the Plan if she is unable to perform the material duties of "any occupation" for which "she is, or may reasonably become qualified based on education, training and experience, and unable to earn 80% or more of…her Indexed Earnings."

9. Defendants approved LTD benefits and a waiver of Life Insurance premiums for Ms. Riglian from December 16, 2013 through November 20, 2014, before issuing a denial letter dated November 20, 2014. The basis for denial was that Ms. Riglian was not precluded from performing her own sedentary occupation.

10. Following this initial denial, Plaintiff timely appealed and Defendants reinstated benefits on or about July 14, 2015, based on Plaintiff's submission of medical evidence and a peer review performed by Dr. John Shutack, who opined that she was not capable of work based on MRI findings, her history of multiple lumbar surgeries, gait abnormalities and neurological/ range of motion deficits.

11. Within weeks after Cigna reinstated benefits, and without any evidence that Riglian's condition had improved, CIGNA initiated a reevaluation of her claim and sent her to a medical exam by Dr. Sushmil Sethi, to whom Defendant paid $1,518.78 for this service. Based on Dr. Sethi's report, CIGNA issued final denials dated April 14, 2016 and April 21, 2016. Plaintiff filed a voluntary appeal, which resulted in a final denial dated January 5, 2017.

12. Defendants' denial was based on Dr. Sethi's one-time exam that failed to consider Riglian's chronic pain or unexpected absences from work. Dr. Sethi's exam failed to include a vocational analysis and was seriously flawed in several other respects. Among other things, in his report Dr. Sethi discussed ailments that Riglian never had or suffered from, and which appeared to be related to a different patient.

13. Plaintiff submitted a narrative report from Elbert R. Acosta, II, MD along with her own detailed affidavit in which she described the cursory nature of Dr. Sethi's exam.

14. As a condition of eligibility for LTD benefits, the Plan requires that participants, like Riglian, apply for Social Security Disability Insurance ("SSDI") benefits, which she did.

15. By Notice of Award dated, April 5, 2014, the Social Security Administration ("SSA") awarded Plaintiff SSDI benefits, finding her totally and permanently disabled as of December 17, 2013 and unable to perform **any** work in the national economy since that date.

16. Riglian has been and remains unable to work in her former occupation or any occupation earning more than 60% of her Indexed Earnings.

17. Plaintiff has exhausted administrative prerequisites as evidenced by the January 5, 2017 denial letter, stating that she has the right to bring legal action for benefits under ERISA.

18. LINA made the initial decision to pay LTD benefits, and then to deny benefits.

19. LINA informed Plaintiff of both the initial decision to pay LTD benefits and the subsequent decision to deny LTD benefits on LINA letterhead.

20. Plaintiff never received any communications from the Plan itself about her LTD, the claim process, or the decisions approving and/or denying her LTD benefits.

21. The Plan appointed LINA as a Claims Fiduciary and, at all relevant times, LINA acted as Plan Administrator, exercising sufficient decisional control over the claim process, which rendered LINA the *de facto* Plan Administrator.

22. A *de novo* standard of review applies here because the policy does not grant discretionary authority to LINA and New Jersey Admin. Code 11:4-58.3 prohibits discretionary clauses in insurance contracts.

## COUNT ONE:
## DUTY TO PROVIDE DOCUMENTS UNDER 29 U.S.C. §§1332(a)(1)(A) and (c)(1)

28. Paragraphs 1–27 are re-alleged and incorporated as if fully set forth herein.

29. By letter dated January 28, 2015 to CIGNA Group Insurance, Plaintiff requested copies of Plaintiff's "entire claim file …. all 'relevant documents,' including but not limited to copies of any report of medical reviews, the above-referenced policy, any summary plan description, insurance booklet, insurance certificate and any other coverage."

30. In response, LINA sent Plaintiff a copy of the policies and medical records, but failed to provide Plaintiff with, among other things, CIGNA's Blue Book, claim manuals, written protocols, rules, or the qualifications of the reviewers of her claim file.

31. Two separate ERISA sections require Plan Administrators to produce information to plan participants on request. The first, 29 U.S.C. § 1024, provides:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, **or other instruments under which the plan is established or operated**.

29 U.S.C. § 1024(b)(4) (emph. added). The second, 29 U.S.C. § 1029 reads:

> **(c) Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries**
>
> **The Secretary may prescribe the format and content of** the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and **any other report, statements or documents** (other than the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated), **which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan**.

29 U.S.C. § 1209(c) (emph. added).

5

32. A Plan Administrator is subject to financial penalties where, as here, it fails to provide plan documents identified in 29 U.S.C. § 1024(b)(4) to participants, like Ms. Riglian, who requests them <u>or</u> if the plan withholds reports, statements or documents "required to be furnished or made available to plan participants." 29 U.S.C. § 1209(c).

33. As for penalties, 29 U.S.C. § 1132(c) provides that,

> Any administrator…who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish…may in the court's discretion be personally liable…

34. The Secretary has promulgated regulations at 29 C.F.R. § 2560.503-l(h) requiring full and fair review of adverse decisions, including ensuring that a claimant shall be provided,

> …upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section

29 C.F.R. § 2560.503-l(h)(2)(iii).

35. At paragraph(m)(8), the Secretary explains that documents relevant to a claim and that the Plan Administrator must produce on request:

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> (i) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or

6

> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-l(m)(8)(i-iv).

36. Based on the above-described conduct, Defendants are in violation of ERISA §§502(a)(1)(A) and (c)(1) by failing to supply information responsive to Plaintiff's requests.

37. Defendants failed to comply with Plaintiff's request by not providing all requested documents, including "relevant documents" as defined under § 503-1(m)(8), which included documents considered and "submitted, considered or generated." Defendants were required to disclose documents that demonstrated compliance with (b)(5), that is, that would show that Defendant had applied the Plan provision consistently to similarly-situated claimants. Defendants also failed to identify all medical and vocational experts, whether relied upon or not, and to identify the actual reviewers and their credentials. Lastly, Defendants failed to provide internal rules, guidelines and protocols relied on or applied in terminating Plaintiff's LTD claim.

## COUNT TWO:
### CLAIM FOR LTD AND WAIVER OF LIFE INSURANCE PREMIUMS UNDER THE PLAN — 29 USC 1132(a)(1)(B)

38. Pargaraphs 1–37 are re-alleged and incorporated as if fully set forth herein.

39. The Plan provides that Plaintiff is entitled to LTD benefits and other benefits ("Disability Benefits") if she is "disabled" within the meaning of the Plan.

40. Plaintiff has established the she is "disabled" within the meaning of the Plan and entitled to Disability Benefits because she can no longer perform the material and substantial duties of her regular occupation or any occupation due to sickness or injury.

7

41.     Plaintiff is entitled to Disability Benefits under the Plan because her medical conditions prevent her from performing the material and substantial duties of her regular occupation or any occupation and as further evidenced by her eligibility for SSDI benefits.

42.     Although the Plan required Plaintiff to apply for SSDI benefits as a condition of eligibility benefits, and Social Security found Ms. Riglian permanently disabled and unable to perform any work in the national economy since December 17, 2013, Cigna only recognizes the SSDI award as an offset to any LTD benefits Plaintiff receives from the Plan.

43.     Since the Plan: (1) required Plaintiff to apply for SSDI as a condition of eligibility; and (2) seeks to benefit from the SSDI award by way offset, the Plan is estopped from disregarding Social Security's finding that Plaintiff is disabled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

1. Declare that Defendants are obligated to pay Plaintiff past due LTD benefits and reinstate her LTD benefits and Life Insurance with waiver of premiums going forward;

2. Declare that Defendants must provide the requested Plan documents, schedules and policies pursuant to 29 U.S.C. §1132(c)(1);

3. Issue Declaratory and Injunctive relief, directing LINA to produce all relevant documents under § 503-1(m)(8), including documents "submitted, considered or generated" in compliance with (b)(5) that the Plan for similarly-situated claimants; identify all medical and vocational experts, whether relied on here or not; identify actual reviewer(s) and their credentials; provide internal rules, guidelines and protocols relied on or applied in terminating Plaintiff's LTD and Life Insurance claims;

4. Award retroactive LTD benefits and reinstate LTD benefits going forward;

5. Reinstate the Life Insurance premium waiver going forward;

6. Award Plaintiff costs, interest, and reasonable attorneys' fees; and

7. Award such other further relief as may be just and proper.

Respectfully submitted,

Dated: March 6, 2018 /s/John Stember

John Stember, Esquire
PA ID No. 23643
jstember@stembercohn.com
**STEMBER COHN &
 DAVIDSON-WELLING, LLC**
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA  15219
T.: (412) 338-1445
F.: (412) 338-1446

Gregory G. Paul, Esquire
PA ID No. 83334
gregpaul@morgan-paul.com
**MORGAN & PAUL, PLLC**
First and Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA  15222
T.: (412) 259-8375
F.: (888) 822-9421

*Attorneys for Plaintiff*